No. 22,042.

J. F. ROMINE, *Appellant*, v. E. F. FOLEY, *Appellee*.

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Claim of Misrepresentation and Fraud—No Evidence to Sustain Defense of Fraud.* In an action upon a promissory note transferred by the payee to another before it was due, in which it was alleged that the payee procured it by misrepresentation and fraud, it is held that the testimony produced did not amount to substantial evidence of fraud and further did not tend to prove that the holder had any knowledge or notice of the claim of fraud when he acquired the note.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed February 12, 1921. Reversed.

*J. Graham Campbell*, and *Ray Campbell*, both of Wichita, for the appellant.

*Paul Brown*, and *Silas S. Brown*, both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by J. F. Romine against E. F. Foley, upon a promissory note executed by the defendant to the Star Land Company, which the latter transferred to the plaintiff before maturity. The defendant claimed that the note was obtained through the fraud of the Star Land Company, of which the plaintiff had notice. Verdict and judgment were given for the defendant and plaintiff appeals.

It appears that on September 21, 1912, the Star Land Company sold a tract of land in Texas to the defendant. He made a cash payment of $1,000 and for the balance due he executed notes, one of which was due on demand, and others became payable at future dates. The demand note for $2,500 was paid shortly after it was executed, and the one in suit which is for $6,864.64, due March 1, 1913, and which had been transferred to plaintiff, was not paid. The defendant resists payment of the note on the ground that the land company procured it by misrepresentation and fraud. The fraud relied

on was misrepresentation as to crops produced on the land and as to the price of labor in the community. The extent of the evidence as to crop misrepresentation was that he was shown corn which a person representing the company stated was raised on the land, and he testified that he was of the opinion that this was untrue. The only reason he gave for the opinion was that he did not think that the corn he saw could have grown on the stalks which he found on the place. It appears that the corn matured there in August and he did not see the stalks until November following. He produced no other evidence in support of his opinion. The appearance of the stalks three months after the crop matured furnished little basis for the opinion which he held. His testimony was that they told him the corn was raised on the place and not that it was grown on the place that year.

As to the price of labor he testified that he was told that he could secure all the labor he wanted for fifty cents a day, but he says that when he went there he found it hard to get good Mexican labor for $1.50 per day. According to the testimony there were no representations made as to the cost of Mexican labor or that of any other particular nationality and not even as to the cost of good help. It was merely that labor could be procured for fifty cents per day. Nothing was said as to whether the labor included board and lodging. Evidence that he could not find good Mexican help for less than $1.50 per day is not proof that he could not get other help at fifty cents per day.

Defendant gave testimony to the effect that sometime after the sale when he had expressed dissatisfaction with his purchase of the land, McColl, an officer of the company, said he would resell the land for him and if he did so, the notes given by defendant would be returned to him. This proposal of a resale does not admit misrepresentation and does not fairly tend to prove fraud. Nor is there anything substantial in the claim that fraud was shown in the representations as to corn or cost of labor. A charge of fraud must be proven, it cannot rest on mere suspicion or conjecture. The testimony produced does not rise to the rank of evidence of fraud and certainly is not sufficient to cast the burden of proof upon plaintiff that he was a holder in due course.

Moreover, the evidence offered does not tend to show that the plaintiff had any knowledge or notice of defendant's claim of misrepresentation and fraud when he acquired the note. The statement of plaintiff's attorney who was pressing defendant for payment of the note that it had been placed in his hands for collection and suit, and suggesting that the defendant might desire to talk compromise rather than suit and that he, the attorney, was willing to do whatever was in his power to do, does not tend to prove knowledge. Nothing in the letter recognizes a knowledge by plaintiff of any misrepresentation or fraud in the transaction in which the note was given. It was expressly stated in the letter that the note had been placed in the attorney's hands with instructions to bring suit on the note forthwith. But as a matter of courtesy, a notice was sent to the defendant by the attorney so that he might have an opportunity for adjustment of the matter, and thus avoid a suit. There being no substantial proof of fraud and no evidence that plaintiff had any knowledge of a claim that the note was procured by fraud before he acquired it, there was nothing to submit to the jury and the court should have sustained plaintiff's motion to direct a verdict in favor of the plaintiff.

The judgment is therefore reversed and the cause remanded with directions to enter judgment in favor of plaintiff for the amount due on the note.